In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00222-CV

_____

IN THE INTEREST OF E.M.W., M.G.W. AND C.E.W.

_____

**On Appeal from the 258th District Court**
**San Jacinto County, Texas**
**Trial Cause No. 12925**

_____

**MEMORANDUM OPINION**

On April 14, 2015, the trial court signed a Judgment. Appellant filed a notice of appeal on June 8, 2015, wherein he describes the Judgment as denying parental termination or child protection. We notified the parties that the appeal would be dismissed because the notice of appeal was filed too late to perfect an accelerated appeal. *See* Tex. R. App. P. 26.1(b). Appellant contends in his Motion to Reconsider that the trial court's Judgment denying termination and setting forth new expanded visitation should not be treated as an accelerated appeal. Appellant contends he filed a Motion for New Trial on May 5, 2015.

1

> An appeal in a suit in which termination of the parent-child relationship is in issue shall be given precedence over other civil cases and shall be accelerated by the appellate courts. The procedures for an accelerated appeal under the Texas Rules of Appellate Procedure apply to an appeal in which the termination of the parent-child relationship is in issue.

Tex. Fam. Code Ann. § 109.002(a) (West 2014). Appellant argues termination is not "in issue" in the appeal because his appellate brief will address other rulings, but according to the record currently before us, termination was at issue in the trial that resulted in the judgment he has attempted to appeal. We conclude that section 109.002(a) of the Texas Family Code requires that this appeal be accelerated. *See id.*; *see also In re S.T.*, No. 01-05-00664-CV, 2006 WL 2506596, at *1 (Tex. App.—Houston [1st Dist.] Aug. 31, 2006, no pet.) (mem. op.) (accelerated appeal rules apply to an appeal from an order disposing of a petition for termination of parental rights). Furthermore, the filing of a motion for new trial or any other post-trial motion did not extend the time to perfect this accelerated appeal. Tex. R. App. P. 28.1(b).

To perfect his appeal, Appellant had to file a notice of appeal by May 4, 2015. *See* Tex. R. App. P. 26.1(b). A notice of appeal filed more than fifteen days after that date did not invoke this Court's appellate jurisdiction. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *see also* Tex. R. App. P. 26.3. We dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a).

APPEAL DISMISSED.

_____
LEANNE JOHNSON
Justice

Submitted on July 1, 2015
Opinion Delivered July 2, 2015

Before McKeithen, C.J., Kreger and Johnson, JJ.